**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------

**LAMINK MARTIN,**

                Petitioner,

    - against -                      09 Civ. 7234(JGK)

**ROBERT ERCOLE, SUPERINTENDENT,**

                Respondent.        **MEMORANDUM OPINION AND**
                                                                  **ORDER**
------------------------------------------------

**JOHN G. KOELTL, District Judge:**

     The petitioner, appearing pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking an Order vacating his judgment of conviction. After a jury trial in New York State Supreme Court, New York County, the petitioner was convicted of two counts of criminal sexual acts in the first degree, two counts of sexual abuse in the first degree, one count of robbery in the first degree, one count of attempted robbery in the first degree, and one count of assault in the second degree. He was sentenced as a second violent felony offender to an aggregate sentence of twenty-five years imprisonment. The judgment of conviction was entered on March 21, 2005. The conviction was affirmed on appeal. People v. Martin, 854 N.Y.S.2d 702 (App. Div. 2008). Leave to appeal to the Court of Appeals was denied. People v. Martin, 893 N.E.2d 451 (N.Y. 2008).

The petitioner argues in his petition before this Court that (a) the State failed to prove the petitioner's guilt beyond a reasonable doubt, (b) the trial judge deprived the petitioner of a fair trial by denigrating his trial counsel, (c) the petitioner's trial counsel failed to provide effective assistance, (d) the trial court abused its discretion in its Sandoval ruling and the prosecutor went beyond the ruling, thereby denying the petitioner a fair trial, (e) the State failed to prove the fifth count of assault in the second degree, and, (f) the court violated the petitioner's due process rights and his right to confront witnesses against him by prohibiting the defense counsel from asking certain questions of a witness under New York State's "rape shield" law.

The Court has received and reviewed the August 19, 2010 Report and Recommendation by Magistrate Judge John C. Francis IV, which recommends that the petition be denied.  The Court has also received the petitioner's objections to the Report and Recommendation.  The petitioner raises three objections to the Report and Recommendation.  First, the petitioner argues that the testimony of the two victims was implausible and contradictory and that the prosecution therefore failed to prove the petitioner's guilt beyond a reasonable doubt.  He argues that the Magistrate Judge erred in reaching a contrary

conclusion.  Second, the petitioner argues that the trial judge denigrated his trial counsel and thereby denied the petitioner due process, and that the Magistrate Judge erred in finding this argument without merit.  Third, the petitioner argues that he was afforded ineffective assistance of trial counsel, and that the Magistrate Judge erred in rejecting this argument.

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court has reviewed <u>de novo</u> the parts of the Magistrate Judge's disposition to which the petitioner has objected.  For the reasons explained below and in the Magistrate Judge's thorough Report and Recommendation, the Court finds that the objections are unfounded, and the Court adopts the findings of Magistrate Judge Francis's Report and Recommendation.

**I.**

**A.**

A petitioner challenging the sufficiency of the evidence supporting the conviction must overcome a "very heavy burden." <u>Knapp v. Leonardo</u>, 46 F.3d 170, 178 (2d Cir. 1995) (internal citations and quotation marks omitted).  A reviewing court must view "the evidence in the light most favorable to the

prosecution," and may only grant habeas relief if the petitioner has shown that "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 324 (1979); see also Garbutt v. Conway, 668 F.3d 79, 81 (2d Cir. 2012) (per curiam). In making this determination, a reviewing court may not "make its own subjective determination of guilt or innocence." Herrera v. Collins, 506 U.S. 390, 402 (1993) (quoting Jackson, 443 U.S. at 320 n. 13). To the contrary, the reviewing court must defer to the jury in making "assessments of the weight of the evidence or the credibility of witnesses" and construe "all possible inferences that may be drawn from the evidence" in the prosecution's favor. Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996); see also Williams v. Artus, 691 F. Supp. 2d 515, 527-28 (S.D.N.Y. 2010).[1]

---

[1] Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a writ of habeas corpus may not issue "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Each of the claims that the petitioner raises was rejected on the merits by the Appellate Division. Nevertheless, the Magistrate Judge applied the pre-AEDPA standard of review and ruled that the claims would fail even under that standard, which is more favorable to the petitioner. (Report and Recommendation at 24-25 n.12.) The Magistrate Judge was correct that the petitioner's claims would fail even under the pre-AEDPA standard.

**B.**

In his Report and Recommendation, Magistrate Judge Francis found that a rational trier of fact could have found the petitioner guilty of the offenses at issue beyond a reasonable doubt. The petitioner objects on the grounds that the testimony of the two victims was not credible. The petitioner also argues that the testimony of the two victims was mutually inconsistent and that parts of the testimony were inconsistent with prior statements to the police and before the grand jury.

The petitioner's objection is without merit. There was sufficient evidence before the jury to establish the petitioner's guilt beyond a reasonable doubt. As the Appellate Division found in affirming the defendant's conviction: "[t]he verdict was based on legally sufficient evidence . . . There is no basis for disturbing the jury's determination concerning credibility, including its acceptance of the testimony of the two victims and rejection of that of defendant." Martin, 854 N.Y.S.2d at 703. As Magistrate Judge Francis correctly noted, so long as the jury believes the sections of the testimony of witnesses that allege the defendant committed the necessary elements for each offense, it may find him guilty beyond a reasonable doubt regardless of whether other aspects of the testimony may be unreliable. (Report and Recommendation at

5

27)(citing United States v. Matthews, 20 F.3d 538, 548 (2d Cir. 1994))("Where there are conflicts in the testimony, we must defer to the jury's resolution of [them].")  With respect to the argument that the victims gave inconsistent testimony before the grand jury, and in statements to the police, inconsistencies in testimony are normally for the jury to resolve. See, e.g., Quartararo v. Hanslmaier, 186 F.3d 91, 95, 96 (2d Cir. 1999) (citing Herrera v. Collins, 506 U.S. 390, 401 (1993) (federal habeas courts must not assume "the position of a thirteenth juror[;]" "inconsistencies were for the jury to resolve[,]" not the district court)).  In this case, the petitioner has failed to show that he ever introduced at trial prior inconsistent statements before the grand jury.  Similarly, the petitioner did not introduce a prior statement to police for one victim.  (See Tr. At 88-89.)  While a prior inconsistent statement to the police from the other victim was used on cross-examination of that witness (Tr. 326-28), the inconsistency did not undermine the sufficiency of the evidence against the petitioner.  Accordingly, there is no merit to the petitioner's objection.  For the reasons explained in detail in Magistrate Judge Francis's Report and Recommendation, the petitioner has not demonstrated that a rational trier of fact could not have

6

found him guilty beyond a reasonable doubt of the offenses for which he was convicted.

## II.

The petitioner objects to the Magistrate Judge's rejection of his claim that the trial judge denigrated his trial counsel and thereby deprived him of his due process right to a fair trial. "[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." Liteky v. United States, 510 U.S. 540, 555 (1994). The reviewing court should not determine whether it feels "the trial judge's conduct left something to be desired," but rather whether the trial judge's conduct "so impressed the jury with the trial judge's partiality . . . that this became a factor in determining the defendant's guilt . . . ." United States v. Pisani, 773 F.2d 397, 402 (2d Cir. 1985). Accordingly, statements made outside the presence of the jury do not affect the fairness of the trial. See Zinman v. Black & Decker (U.S.), Inc., 983 F.2d 431, 436 (2d Cir. 1993) (citing United States v. DiTommaso, 817 F.2d 201, 221 (2d Cir. 1987)). Therefore, reviewing courts should examine only those statements

made in the presence of the jury.  See Rivas v. Brattesani, 94 F.3d 802, 805 (2d Cir. 1996) (citing Zinman, 983 F.2d at 436.) Also, while it is improper for a judge to "become an advocate for one side," it is appropriate for a trial judge to question a witness in order to "clarif[y] ambiguities, correct[] misstatements, or obtain[] information needed to make rulings." United States v. Filani, 74 F.3d 378, 384-86 (2d Cir. 1996) (quoting Pisani, 773 F.2d at 403).

   The petitioner claims that the manner in which the trial judge treated the defense counsel denied him a fair trial.  He alleges that the trial judge consistently denigrated his trial counsel both in and out of the jury's presence.  The petitioner also alleges that the trial judge's interruptions and orders prevented the defense counsel from adequately defending the petitioner.  The Appellate Division rejected a similar contention: "Defendant has not established that he was prejudiced in any way by the court's conduct of the trial.  To the extent there were acrimonious exchanges between the court and defense counsel, they took place outside the presence of the jury.  To the extent defendant challenges the court's conduct in the jury's presence, that conduct consisted of making proper rulings on the evidence or innocuous comments such as telling counsel to speak more slowly."  Martin, 854 N.Y.S.2d at 703.  In

his Report and Recommendation, Magistrate Judge Francis concluded that the record failed to reflect any bias which could have affected the fairness of the petitioner's trial.  The petitioner objects to this conclusion and claims that the trial judge and defense counsel were engaged in an "inappropriate and extremely contentious battle" from the inception of the trial until the end.  (Obj. at 14.)

For the reasons explained in Magistrate Judge Francis's well-reasoned Report and Recommendation, the petitioner's objection is without merit.  Magistrate Judge Francis identified two categories of exchanges between the petitioner's trial counsel and the trial judge.  The first consisted of four "moments of hostility" between the two.  (Report and Recommendation at 32-33.)  Magistrate Judge Francis explained that none of these incidents occurred before the jury and thus the jury could not have been influenced by them.  The first incident occurred at the suppression hearing and the trial judge excused the jury before the final three incidents occurred so that the ensuing dialogue occurred outside the presence of the jury.  (See Report and Recommendation at 33; see also Tr. at 182.)  There is nothing in the record to suggest these exchanges influenced the jury in any way.  Furthermore, the trial judge engaged in similar exchanges with the prosecutor, undermining

9

any claim that the jury could have inferred a judicial bias against any one party.  (See, e.g., Tr. at 485-86.)

The second category of statements made by the trial judge consisted of interruptions of the trial counsel's questioning, which Magistrate Judge Francis correctly characterized as "primarily serv[ing] to correct the record . . . [and to] make counsel's questions more intelligible."  (Report and Recommendation at 35.)  A judge's courtroom administration, even if "stern and short-tempered[,]" does not rise to the level of a due process violation.  See Liteky, 510 U.S. at 556.  Moreover, the trial judge similarly interrupted the prosecutor's examinations, which undercuts any assertion that the jury could have perceived a judicial bias against the petitioner from these interruptions.  (See, e.g., Tr. at 220, 229.)  There is no merit to the petitioner's objection and, for the reasons explained in detail in Magistrate Judge Francis's Report and Recommendation, the petitioner has not demonstrated that the trial judge's treatment of defense counsel reflected bias or interfered with the petitioner's right to a fair trial.

**III.**

The petitioner also contends that the Magistrate Judge erred in rejecting the petitioner's ineffective assistance of trial counsel argument. To establish ineffective assistance of counsel a petitioner must show that "(1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense." Bunkley v. Meachum, 68 F.3d 1518, 1521 (2d Cir. 1995) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). Meeting the first prong of the Strickland test "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. To satisfy the second prong of the test, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694; see also Gueits v. Kirkpatrick, 612 F.3d 118, 122-23 (2d Cir. 2010).

In his papers in support of his petition, the petitioner largely repeats the allegations made in support of his contention that defense counsel was treated unfairly during the trial. The petitioner refers to the interruption of the defense counsel's cross-examinations and the trial judge's alleged animus toward the defense counsel. The petitioner also points

11

to issues with respect to the defense counsel's conduct in front of the jury, particularly her "argumentative nature" before the jury.  (Reply at 25.)

In his Report and Recommendation, Magistrate Judge Francis concluded that the petitioner failed to demonstrate that any prejudice resulted from the alleged failures of his trial counsel.  The petitioner objects to Magistrate Judge Francis's conclusion, alleging that the petitioner established "that defense counsel provided less than reasonable representation . . . ."  (Obj. at 21.)

As noted by Magistrate Judge Francis, however, the petitioner has failed to allege any resulting prejudice from these alleged failings.  While the petitioner repeats that the trial judge denigrated his trial counsel, for the reasons already explained, those alleged incidents could not have affected the result of the trial.  The petitioner has failed to show how the alleged conduct actually prejudiced his defense.  The petitioner also complains that his trial court counsel conceded that he was "nervous" (Tr. At 338), but he fails to explain how his trial counsel's actions prejudiced him or what his trial counsel should have done that would have changed the outcome of the

trial.  Indeed, the record reflects that defense counsel did provide effective assistance.  For example, defense counsel was able to persuade the trial judge to strike a count from the petitioner's indictment and to preclude medical evidence that would have strengthened the prosecution's case.  (Tr. at 203-07, 444-45.)  In light of the petitioner's failure to show any prejudice, the Magistrate Judge appropriately rejected the claim of ineffective assistance of trial counsel.  Accordingly, the petitioner's objection is without merit and, for reasons explained in detail in Magistrate Judge Francis's Report and Recommendation, the petitioner has not demonstrated that he was provided ineffective assistance of counsel.

## Conclusion

The objections to the Report and Recommendation of Magistrate Judge Francis are overruled and the Court accepts the Report and Recommendation. The petition for a writ of habeas corpus is **denied**. The Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253 because the petitioner has failed to make a substantial showing of the denial of a constitutional right. **The Clerk of the Court is directed to enter judgment denying the petition and closing this case.**

SO ORDERED.

Dated:   New York, New York
         September 22, 2012

                                     _____
                                     John G. Koeltl
                                     United States District Judge